**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NORIS BABB,

                Plaintiff,

v.                                      Case No. 8:14-cv-1732-T-33TBM

ROBERT A. MCDONALD, Secretary,
DEPARTMENT OF VETERANS AFFAIRS

                Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Secretary of the Department of Veteran Affairs, (the "Defendant"), by and through the undersigned Assistant United States Attorney, and hereby respectfully move this Court, pursuant to Rule 12(b)(1) and 12(b)(6) to dismiss the First Amended Complaint. In support thereof, the Defendant shows as follows:

## INTRODUCTION

Plaintiff Noris Babb is a pharmacist employed by the V.A. She alleges age and gender discrimination (Count I), retaliation (Count II), and a hostile work environment based on age, gender, and retaliation (Count III). However, Plaintiff's Complaint does not allege any plausible claims of discrimination or retaliation that occurred within 45 days of contacting an EEO counselor. Thus, Plaintiff's First Amended Complaint must be dismissed.

First, while it is possible that the acts alleged by the Plaintiff were motivated by age or gender (or anything really), Plaintiff pleads no facts that make any of the discrete

acts alleged by the Plaintiff plausibly related to age or gender; thus, Count I must be dismissed.  Second, Plaintiff's retaliation count appears to depend on temporal proximity between her protected activity and the acts alleged in the Complaint.  However, the Complaint fails to allege when her protected activity took place or when the managers allegedly motivated by retaliatory intent learned about her protected activity.  As a result, Count II must also be dismissed.

Finally, as for hostile work environment, Plaintiff does not identify any acts related to a hostile work environment that took place within 45 days of contacting an EEO counselor, which requires dismissal.  In addition, (1) Plaintiff identifies only two events that could plausibly be related to gender, which is insufficient for a gender-based hostile work environment; (2) Plaintiff identifies only two comments and three events over 12 months related to age, which is insufficient for an age-based hostile work environment; and (3), Plaintiff identifies, at most, one event that is plausibly related to retaliation, which is insufficient for a retaliatory hostile work environment.  Therefore, Count III should be dismissed.

**<u>Statement of Facts</u>**

Dr. Babb[1] is a female over the age of forty who is employed as a GS-12 Clinical Pharmacist at the C.W. Bill Young VA Medical Center ("Young VA").  Dkt. 12 at ¶ 6.  Dr. Babb gave testimony during EEO administrative proceedings on behalf of Dr. Donna Trask and Dr. Anita Truitt.  Id. at ¶ 5.  The Complaint does not identify when she gave that testimony.  Dr. Babb alleges that the Chief of Pharmacy (Dr. Gary Wilson), an

---

[1] Pharmacists with a Doctorate of Pharmacy, or Pharm.D., degree are referred to as doctor.

Assistant Chief of Pharmacy (Dr. Keri Justice), and other management "became aware of her testimony" and "shortly thereafter" began to retaliate against her. Id.

Dr. Babb identifies 14 events that support her claims. Id. at ¶ 8(a)-(n).

First, in March 2012, her immediate supervisor (Dr. Howard) asked Dr. Babb, "when do you retire?" Dr. Babb asserts that Dr. Howard wanted to put a younger pharmacist in her position. Id. at ¶ 8(b). While Dr. Babb is no longer in the same assignment, she does not assert that a younger pharmacist is, in fact, in that position.

Second, since the fall of 2012, Dr. Babb did not receive training in anticoagulation, which was "necessary training in order to qualify for the job." Id. at ¶ 8(a). Plaintiff does not allege that anyone else – older or younger, male or female – received that training during that time.

Third, in September 2012, Dr. Babb did not participate in the construction of the Service Agreement between the pharmacy service and the geriatric clinic, while a younger male and a younger female both had the opportunity to work on service agreements that were relevant for their respective assignments. Id. at ¶ 8(c).

Fourth, at an unknown time, Assistant Chief Dr. Justice asked Dr. Babb about seeing the movie "Magic Mike," which Dr. Justice described as a "middle aged woman movie." Id. at ¶ 8(d). Dr. Babb says she "felt humiliated and embarrassed from Justice's comment about her age." Id.

Fifth, on September 27, 2012, Dr. Babb's first line supervisor did not allow her to attend a training that a younger pharmacist was allowed to attend. Id. at ¶ 8(e).

Sixth, on November 29, 2012, Dr. Babb was encouraged by her first line supervisor to file a grievance with the Union over a dispute concerning her performance appraisal.  Id. at ¶ 8(f).  She does not allege anyone else – older or younger, male or female – was treated differently.  She does not allege whether she filed a grievance.

Seventh, in December 2012, Dr. Babb received a verbal reprimand from the Chief of Pharmacy when two males in similar circumstances did not.  Id. at ¶ 8(g).

Eighth, in February 2013, management helped a younger female pharmacist qualify for a promotion, but did not assist Dr. Babb.  Id. at ¶ 8(h).

Ninth, on February 15, 2013, Chief Dr. Wilson removed Dr. Babb's advanced scope of practice, which meant she could not be promoted.  Id. at ¶ 8(i).  Dr. Babb does not allege that anyone else – older or younger, male or female – was treated differently.

Tenth, on March 27, 2013, Dr. Babb learned that she would not qualify for a promotion to a GS-13 because her Advanced Scope of Practice was taken away.  Id. at ¶ 8(j).  Dr. Babb does not allege that anyone else – older or younger, male or female – was treated differently.

Eleventh, on April 18, 2013, Dr. Babb was selected "as a witness of probable knowledge" for an administrative proceeding and was "confused" as to why she had been selected.  Id. at ¶ 8(k).  She alleges she was the sole witness selected.  Id.

Twelfth, on April 23, 2013, two younger female pharmacists were selected for anticoagulation assignments ahead of Dr. Babb.  Id. at ¶ 8(l).  Dr. Babb was at a "significant disadvantage because all along she had been denied the necessary training for anticoagulation…which would have increased the likelihood of her selection."  Id.  Dr.

Babb does not allege that the selected pharmacists needed training, or that they received training, either before or after their selection.

Thirteenth, one day later, Dr. Babb's requested an assignment that she had previously rejected 10 months earlier after she "reconsidered and agreed to accept the lateral move." Id. at ¶ 8(m). Dr. Justice denied the request. Id. Dr. Babb does not allege that any other pharmacist – older or younger, male or female – received the assignment she requested. As a result of not receiving the lateral assignment, she lost her office and her duties changed. Id.

Fourteenth, on April 22, 2013 and June 12, 2013, the Chief Manager of Geriatrics wrote Reports of Contact regarding Dr. Babb. Id. at ¶ 8(n). Dr. Babb does not identify any consequences from these Reports of Contact.

On May 6, 2013, Dr. Babb filed an informal EEO complaint. Id. at ¶ 7.

**I.      To the Extent They Purport to Allege Adverse Employment Actions, Any Acts of Discrimination or Retaliation Prior to March 22, 2013 Must Be Dismissed for Failure to Exhaust Administrative Remedies**

Under Title VII, federal employees are required to initiate contact with an EEO counselor within 45 days of an alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). The Eleventh Circuit has long recognized that a federal employee must exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action. See Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999); see also 42 U.S.C. § 2000e-16(c); Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008) ("Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies.") Accordingly,

when a plaintiff fails to exhaust administrative remedies, dismissal is warranted.  See Bryant v. Rich, 530 F.3d 1368, 1377 (11th Cir. 2008) (affirming district court's dismissal of plaintiffs' claims because they did not exhaust all of their administrative remedies); Pizzini v. Napolitano, No. 10-61498-CIV, 2011 U.S. Dist. LEXIS 68424, *9 (S.D. Fla. June 17, 2011) (citing Bonilla v. Alvarez, 194 F.3d 275 (1st Cir. 1999) (finding that failure to exhaust administrative remedies prior to filing is grounds for dismissal under Rule 12(b)(1))); Luke v. Residential Elevators, Inc., No. 4:10-cv-00524, 2011 U.S. Dist. LEXIS 11234, *11-12 (N.D. Fla. Jan. 28, 2011) (holding that failing to exhaust administrative remedies prior to filing suit warrants dismissal on jurisdictional grounds).

The Plaintiff alleges that she filed an informal EEO complaint on May 6, 2013. Thus, as a matter of law, the discrimination counts must be dismissed to the extent they are based on any alleged discriminatory act that occurred more than 45 days prior to the administrative complaint, i.e., prior to March 22, 2013.  According to the Plaintiff's First Amended Complaint, the only alleged discriminatory or retaliatory acts that occurred after March 22, 2013 are ¶¶ 8(j)-(n).  The Court lacks subject matter jurisdiction to consider any earlier discrete acts of discrimination to the extent they are based on the unexhausted conduct.  In other words, the untimely acts (¶¶ 8(a)-(i)) may be general evidence of discrimination, but they cannot be used to satisfy the requirement of alleging a plausible adverse employment action within the 45 day window.

As described below, ¶¶ 8(j)-(n) do not allege any adverse employment actions supporting a plausible claim of age discrimination, gender discrimination or retaliation, requiring the full dismissal of Counts I and II.

6

**II.    <u>Plaintiff's Complaint Fails to Allege Plausible Claims of Discrimination or
Hostile Work Environment</u>**

Rule 8(b) requires a pleader to set forth "a short, plain statement of the claim
showing that the pleader is entitled relief."  In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.
544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court adopted a
pleading standard that requires a plaintiff to state sufficient plausible factual allegations
to allow a court to draw the reasonable inference that the defendant is liable for the
alleged misconduct.  A "plaintiff's obligation to provide the grounds of his entitlement to
relief requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do[.]"  <u>Twombly</u>, 550 U.S. at 555 (internal
quotations omitted).  Instead, to survive a motion to dismiss, a plaintiff must plead
plausible facts supporting the reasonable inference of a viable cause of action.  <u>Iqbal</u>, 556
U.S. at 678.  Thus, the "mere possibility of misconduct" is insufficient; a plaintiff must
"nudge" the allegations "across the line from conceivable to plausible."  <u>Id.</u> at 679, 683
(<u>quoting</u> <u>Twombly</u>, 550 U.S. at 570).

Once a court "identif[ies] pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth," the court must next determine
whether the well-pled facts "'state a claim to relief that is plausible on its face.'"  <u>Id.</u> at
678, 679 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."  <u>Id.</u> at 678 (<u>citing</u> <u>Twombly</u>, 550 U.S.
at 556).  "Determining whether a complaint states a plausible claim for relief will…be a
context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." Id. at 679 (citation omitted).  As the United States Supreme Court

has stated:

> The plausibility standard is not akin to a probability requirement, but it
> asks for more than a sheer possibility that a defendant has acted
> unlawfully.  Where a complaint pleads facts that are merely consistent
> with a defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

Id. at 678 (quotation marks and internal citations omitted).

In Henderson v. JP Morgan Chase Bank, N.A., 436 Fed. App'x 935 (11th Cir.

2011), the Eleventh Circuit directly addressed the impact of Twombly and Iqbal in

pleading discrimination cases.  The court held that complaints alleging discrimination

"must meet the 'plausibility standard' of Twombly and Iqbal" and "contain 'sufficient

factual matter' to support a reasonable inference that [the defendant] engaged in racial

discrimination…" Id. at 937.  The court found that the complaint properly was dismissed

because the Plaintiff "alleged only that she was black, she was pre-qualified for a loan,

the terms of the loan changed through the application process, and she ultimately rejected

the loan after her lawyer told her the terms were improper." Id. at 938.  Stated the court:

"Nothing in her complaint raises a plausible inference that Chase discriminated against

Henderson based on her race." Id. at 938.

As explained below, Plaintiff has not alleged any plausible facts that allow the

reasonable inference that any of the alleged discriminatory or harassing incidents listed in

¶¶ 8(j)-(n) occurred because of the Plaintiff's age or gender or because of retaliation, nor

has Plaintiff alleged sufficient facts to support any plausible hostile work environment

claims.

A.    **None of the Events within 45 Days of Filing Her EEO Complaint are Plausibly Related to Gender**

Plaintiff does not allege any adverse employment actions plausibly related to her gender.  While the Plaintiff alleges that the actions described in Paragraph 8(j)-(n) involve discrimination based on her gender, see ¶ 8, this is a conclusion, and, as a matter of law, insufficient to state a cause of action.  See Uppal v. Hospital Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2010) (affirming dismissal of complaint alleging employment discrimination claim when plaintiff "alleged no facts to support that gender…played any role in the disparate treatment").  None of the allegations of ¶¶ 8(j)-(n) describe any male treated differently or offer any indication that gender played a role in those five events. As Plaintiff's claim of gender discrimination is pure speculation, Count I's gender discrimination claim should be dismissed for failure to state a claim.

B.    **None of the Events within 45 days of Filing Her EEO Complaint are Plausibly Related to Age**

Nor does the Plaintiff allege any adverse employment actions plausibly related to her age.  For Paragraphs 8(j), (k), (m), and (n), this is fairly obvious, as none of the facts alleged provide any link to age, so nothing "nudges" the claims into the realm of the plausible.

For Paragraph 8(l), Plaintiff alleges that younger pharmacists were selected for anticoagulation positions ahead of her, but the only plausible inference from her allegations is that Dr. Babb was simply less qualified for the particular assignment.  Dr. Babb alleges she had more years of experience than the selected individuals who were younger, which is plausible.  However, Dr. Babb alleges she did not have the "specific

training in anticoagulants," <u>see</u> Dkt. 12 at ¶ 8(a), and that she was at a "significant disadvantage" without the training, <u>id.</u> at ¶ 8(l).  She does not allege that the younger pharmacists who were selected either received the training Dr. Babb needed in anticoagulation or that the younger pharmacists needed **any training at all** in order to fulfill the anticoagulation assignment.  The most plausible inference from the allegations is that the selected individuals were more qualified for the particular assignment because they did not need any training.  Thus, the Plaintiff is without a plausible allegation of age discrimination, and Count I should be dismissed.

      C.      <u>**The Retaliation Count Does Not State a Claim Because Plaintiff Does Not Allege a Plausible Causal Connection**</u>

A prima facie case of retaliation requires that Plaintiff (1) engaged in protected activity, (2) suffered an adverse action, and (3) that a causal link between the protected activity and the adverse action exists.  <u>Standard v. A.B.E.L. Services, Inc.</u>, 161 F.3d 1318, 1328 (11th Cir. 1998).  Nothing in ¶¶ 8(j),(k), and (n) indicates a plausible connection between Dr. Babb's protected activity and the actions therein.  Paragraphs 8(l) and 8(m) contain allegations that Dr. Babb "believes" that her non-selection (¶ 8(l)) and the rejection of her request for a lateral move (¶ 8(m)) were retaliation for her EEO activity, but these self-serving assertions are not sufficient to allege a plausible causal connection.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 679.

Thus, Dr. Babb must rely on the temporal proximity between her protected activity and the possible acts of retaliation.  In general, cases that "accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality…uniformly hold that the temporal

proximity must be very close." Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273

(2001); see also Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

Based on the allegations of the Complaint, the Court has no idea whether the protected

activity – or management learning of the protected activity – took place years earlier or

just days before the alleged retaliatory acts began.  Accordingly, Plaintiff's Complaint

does not allege a plausible cause of action for retaliation.  See Henry v. NYC Health &

Hosp. Corp., No. 13 Civ 6909, 2014 U.S. Dist. LEXIS 32821, *33-34 (S.D.N.Y. Mar. 10,

2014) (failing to allege when the relevant events occurred required dismissal of

retaliation claim).  Nor is Plaintiff's allegation that reprisal began "shortly thereafter" her

EEO testimony sufficient to survive a motion to dismiss.  See Winston v. City of N.Y.,

No. 12-CV-0395, 2013 U.S. Dist. LEXIS 120280, *10 (E.D.N.Y. Aug. 23, 2013)

(rejecting a retaliation claim based on allegations that reprisal took place "shortly after"

protected activity because the "conclusory allegation is too vague in nature and non-

specific as to time…to serve as a basis for her retaliation claim") (internal citations

omitted).  Thus, Count II should be dismissed with leave to amend.[2]

_____

[2] Based on information produced in the related case involving Drs. Trask and Truitt,
Plaintiff's EEO activity was three emails sent to an EEO investigator in late April and
early May 2012.  If correct, amending the Complaint will not save Count II, as the time
between the protected activity and the acts in question (the events in ¶¶ 8(j)-(n), which
began in late March 2013) is simply too attenuated to survive a motion to dismiss.  See
Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998) ("a thirteen month interval between
the charge and termination is too long to establish causation absent other evidence of
retaliation); Caskey v. Cnty. of Ontario, 800 F. Supp. 2d 468, 472 (W.D.N.Y. 2011)
("nine-month temporal proximity between plaintiff's protected activity and the allegedly
unlawful discrimination – standing, as it does, alone – is insufficient as a matter of law,
to suggest a causal connection for purposes of plaintiff's retaliation claim"); Herling v. N.Y.
City Dep't of Educ., No. 13-cv-5287, 2014 U.S. Dist. LEXIS 56442, *26-28 (E.D.N.Y.
Apr. 23, 2014) (alleged retaliatory acts that took place nearly one year later did not

**D.      Plaintiff Has Not Exhausted Administrative Remedies for Her Hostile Work Environment Claims or Alleged Plausible Claims**

To support a hostile work environment based on gender or age, Plaintiff must prove:  1) she belonged to a protected class; 2) she subjected to unwelcome harassment; 3) the harassment was based on gender or age; and 4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment.  See Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002); Cobb. v. City of Roswell, 533 Fed. Appx. 888, 897 (11th Cir. Aug. 12, 2013).  To support a retaliatory hostile work environment, Plaintiff must prove similar elements: 1) she engaged in protected EEO activity; 2) she was subjected to unwelcome harassment; 3) the harassment was based on protected activity; and 4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment.  See Gowski v. Peake, 682 F.3d 1299, 1311-1312 (11th Cir. 2012).  For a viable hostile work environment claim, one of the events must fall within the relevant statute of limitations.  Shields v. Fort James Corp., 305 F.3d 1280, 1281-82 (11th Cir. 2002).

The "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code."  Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).  Thus, the harassment "must be both objectively and subjectively

---

"plausibly allege facts that give rise to an inference of a causal connection"); Williams v. City Univ. of N.Y., No. 10-cv-2127, 2011 U.S. Dist. LEXIS 158422, *15 (E.D.N.Y., Feb. 10, 2011) ("[e]ven if an allegation of temporal proximity alone could suffice, the nearly one year that elapsed between the complaint and the alleged retaliation 'suggests, by itself, no causality at all'") (citing Clark Cnty., 532 U.S. 268); Krahenbuhl v. Hyde County Schs., No. 4:12-cv-170, 2013 U.S. Dist. LEXIS 40147, *9 (E.D.N.C. Mar. 20, 2013) (granting motion to dismiss based on eight-month gap between protected activity and retaliatory act).

offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." <u>Id.</u> at 787.  Courts consider the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the employee's job performance.  <u>See</u> <u>Mendoza v. Borden, Inc.</u>, 195 F.3d 1238, 1246 (11th Cir.1999) (en banc).  In assessing these factors, the workplace must be "'hostile or deeply repugnant,'" not "'merely unpleasant,'" to be actionable.  <u>Hopkins v. Baltimore Gas & Elec. Co.</u>, 77 F.3d 745, 753 (4th Cir.1996).

### 1)   **Gender-based Hostile Work Environment**

One of the events of a gender-based hostile work environment must fall within the relevant statute of limitations.  <u>See</u> <u>Shields</u>, 305 F.3d at 1281-82.  Here, for the reasons stated in Section II.A, none of the acts alleged within the 45 day window prior to Dr. Babb filing an informal EEO complaint (¶¶ 8(j)-(n)) relate to gender.  As a result, Plaintiff's gender-based hostile work environment claim must be dismissed.

In any event, Plaintiff's First Amended Complaint alleges only two events that have any plausible connection to gender, which is simply not enough to state a claim for a work environment that contains severe or pervasive gender-based harassment. Specifically, ¶ 8(f) alleges that Plaintiff received a verbal reprimand while two males in similar circumstances did not, and ¶ 8(c) alleges that two younger pharmacists, one of whom was male, participated in drafting their respective service agreement while Plaintiff was not allowed to do the same.  That is it, and describing the second event as plausibly related to gender is a stretch.  Thus, Count III's gender-based hostile work environment should be dismissed.

2)      **Age-based Hostile Work Environment**

Again, for a viable hostile work environment claim, one of the events must fall within the relevant statute of limitations.  See Shields, 305 F.3d at 1281-82.  For the reasons stated in Section II.B, none of the acts alleged within the 45 day window (¶ 8(j)-(n)) is plausibly related to age.  As a result, Plaintiff's age-based hostile work environment claim must be dismissed.

Moreover, the allegations plausibly related to age amount to two comments and three events over a one-year period.  This is insufficient to allege an age-based hostile work environment. Specifically, the allegations – all of which are before the 45-day period – that might plausibly relate to age include, at most:

- ¶ 8(b): first line supervisor Dr. Howard asking Dr. Babb "when do you retire" in March 2012;

- ¶ 8(d): Associate Chief Dr. Justice asking Dr. Babb if she had seen "Magic Mike," a movie she described as for middle aged women[3];

- ¶ 8(c): in September 2012, two younger pharmacists participated in the construction of service agreements when Dr. Babb did not;

- ¶ 8(e): in September 2012, two younger pharmacists attended a training that Dr. Babb did not; and

- ¶ 8(f): in February 2013, a younger pharmacist was aided in getting a promotion while Dr. Babb was not.

---

[3] While Dr. Babb does not allege when this comment was made, the movie "Magic Mike" was released in June 2012.  See http://www.imdb.com/title/tt1915581/?ref_=nv_sr_1

In other words, Dr. Babb's age-based hostile work environment includes two comments and three events over a 12-month period.  Thus, Plaintiff has "failed to allege the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment."  Trupil v. Bacardi Corp., No. 3:13-cv-1428, 2014 U.S. Dist. LEXIS 96016, *14-16 (M.D. Fla. June 6, 2014) (collecting Florida federal district court cases dismissing hostile work environment cases on motions to dismiss).  For this reason as well, Plaintiff's age-based hostile work environment claim should be dismissed.

### 3)        Retaliatory Hostile Work Environment

As Plaintiff has not alleged facts demonstrating a causal connection between the events within the 45-day window and retaliation, see Section II.C, none of the events within the 45-day period are plausibly related to retaliation.  Therefore, the retaliatory hostile work environment claim must be dismissed.  See Shields, 305 F.3d at 1281-82.

Even assuming there was some causal connection based on temporal proximity, the events alleged here do not set forth a plausible case of a retaliatory hostile work environment.  See, e.g., Ray v. Henderson, 217 F.3d 1234, 1244-45 (9th Cir. 2000) (plaintiff exposed to repeated derogatory comments, including supervisors yelling at him, calling him "liar," "troublemaker," and "rabble rouser"); Gowski v. Peake, 682 F.3d 1299, 1313-14 (11th Cir. 2012) (hostile workplace consisted of spreading rumors about plaintiffs, damaging their reputations, disciplining them, soliciting reports of contact against plaintiffs, instructing other employees to encourage plaintiffs to resign, and maligning them in front of their peers and co-workers).  The only event that might be

related to retaliation is her supervisor encouraging her to go to the Union in connection with a dispute over her performance appraisal, but that is also a stretch. Plaintiff's allegations fall far short of alleging a retaliatory hostile work environment, and, as a result, Plaintiff's retaliatory hostile work environment claims should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed.

Respectfully submitted, this 23rd day of October, 2014.

**A. LEE BENTLEY, III**
United States Attorney

By:    */s/ Michael R. Kenneth*
**MICHAEL R. KENNETH**
Assistant United States Attorney
Florida Bar No. 44341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:    813-274-6000
Facsimile:    813-274-6198
Email:    michael.kenneth@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2014, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to the following:

      Joseph D. Magri, Esq.
      JMagri@merklemagri.com

                  */s/ Michael R. Kenneth*
                  MICHAEL R. KENNETH
                  Assistant United States Attorney