```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

NORIS BABB,

    Plaintiff,

v.                                   Case No. 8:14-cv-1732-T-33TBM

ROBERT A. MCDONALD, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Robert A. McDonald, Secretary of the Department of Veterans Affairs' (V.A.) Motion to Dismiss Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. # 20), filed on November 21, 2014. Plaintiff Noris Babb filed a response in opposition to the Motion on December 8, 2014. (Doc. # 21). For the reasons stated below, the Motion is granted. However, this action is dismissed without prejudice so that Babb may have an opportunity to file a Third Amended Complaint to state a cause of action, if possible.

**I.    Background**

Babb initiated this action on July 17, 2014. (Doc. # 1). Thereafter, on October 10, 2014, Babb filed an Amended Complaint. (Doc. # 12). The Amended Complaint contains

allegations of sex and age discrimination, retaliation, and hostile work environment and further seeks injunctive relief against the V.A. (Id.).

Babb alleges that she is a pharmacist employed by the V.A. (Doc. # 19). Babb is a female over the age of forty who is a GS-12/10 Clinical Pharmacist, a position she has held for eight years, at C.W. Bill Young V.A. Healthcare System (Young VAHCS), formerly known as Bay Pines V.A. Health Care System, (Young VAHCS) and has been employed there since 2006. (Id. at 4).

Babb contends that she had been subjected to a hostile work environment and harassment based upon sex, age, and reprisal for the following reasons: (1) Babb was denied training in anticoagulation after repeated requests and younger pharmacists were hired for the positions without the required anticoagulation training, (2) Babb was questioned as to when she would retire, which offended her as she was the oldest pharmacist and believed that a younger pharmacist would be put in her position, (3) Babb was not allowed to participate in the construction of a new or revised Service Agreement between "Pharmacy" and "Geriatrics," even though Babb had been the "expert" in the geriatric field of Pharmacy and had participated in years prior, (4) Babb was humiliated

2

and embarrassed by a coworker who referred to a film as "a middle aged woman movie," (5) Babb was denied attendance at the Geriatrics and Extended Care Patient Aligned Care Team (PACT) training, (6) Babb received a "fully successful" performance rating instead of an outstanding on the item "mentoring," (7) Babb received a verbal reprimand for not having training approved by the Education Department even though two male counterparts handed out the same material without any reprimand, (8) Babb could not be promoted because she needed to spend 25% of her time seeing patients and the number of patients was cut by management so that Babb could not meet that quota, (9) Babb realized her advanced scope of practice had been removed in February of 2013 despite the fact that it was not due to expire until October of 2013, which meant she could not be promoted to GS-13, (10) Babb became aware that she was being excluded from promotions by the implementation of new qualification standards, (11) Babb was selected as a witness of probable knowledge for an administrative proceeding regarding an anonymous letter containing derogatory comments about her supervisor, (12) Babb was not selected for the position of Clinical Pharmacy Specialist, anticoagulation GS-12, (13) Babb was denied a lateral move from geriatric primary care PACT to the "Mod B"

PACT, which Babb believes was retaliation for her testimony in Equal Employment Opportunity (EEO) cases, and (14) Babb learned she had been written up with two Reports of Contact. (Id. at 4-11).

In Count I – Sex and Age Discrimination - of her Second Amended Complaint, Babb avers that "as a direct and proximate result of the foregoing conduct, [Babb] has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by [the V.A.] due to age and sex." (Id. at 8). In Count II – Retaliation - Babb alleges that "[t]he aforesaid adverse employment actions, other adverse actions, misconduct, and other conduct, acts and omissions to [Babb's] detriment, were all taken (or failed to be taken) by administrators and managing and supervisory personnel with the Young VAHCS in retaliation for the protected or EEO activity of [Babb] including those set forth above." (Id. at 12-13). In Count III - Hostile Work Environment - Babb alleges that "the aforesaid actions and conduct have created an intolerable hostile work environment." (Id. at 15). Lastly, in Count IV – Injunctive Relief - Babb seeks to enjoin the V.A. from "violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as described above including retaliation against [Babb]

4

for protected or EEO activity and discrimination based on age and sex (female)." (Id. at 16).

The V.A. filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on November 21, 2014 (Doc. # 20), which is ripe for this Court's review.

## II. Legal Standard

### A. Rule 12(b)(1)- Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).

A facial attack on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the

5

allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). Factual attacks, in comparison, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings. . . ." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence, 919 F.2d at 1529). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

## B. Rule 12(b)(6) - Failure to State a Claim

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the]

6

complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

#### A. Lack of Subject Matter Jurisdiction

According to the V.A., Babb lacks standing to bring this action for failure to exhaust administrative remedies. (See

7

Doc. # 14). Exhaustion of administrative remedies is a prerequisite to filing an action under Title VII. Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). A federal employee must timely exhaust administrative remedies before filing an employment discrimination suit under Title VII. Brown v. Gen. Serv. Admin., 425 U.S. 820, 829-32 (1976). If an employee fails to exhaust his or her administrative remedies under Title VII, the court lacks subject matter jurisdiction to entertain the lawsuit. Johnson v. Orr, 747 F.2d 1352, 1356 (10th Cir. 1984).

Congress has empowered the Equal Employment Opportunity Commission with the responsibility to issue rules and regulations implementing the provisions of Title VII. Thompson v. W., 883 F. Supp. 1502, 1506 (M.D. Ala. 1995); 42 U.S.C. § 2000e-16(b). Regulations, properly promulgated, have the force and effect of law. United States v. Nixon, 418 U.S. 683, 695 (1974). Pursuant to congressional authority, the EEOC has regulations, which provide that in asserting a discrimination charge against the federal government, as here, an aggrieved employee must first undergo a counseling period. The EEOC regulations require an aggrieved employee to contact a designated EEO counselor within forty-five days of "the matter alleged to be discriminatory." Thompson, 883 F.

8

Supp. at 1506; 29 C.F.R. § 1614.105(a)(1). This requirement is waived, however, if the aggrieved employee can show cause for failing to meet the forty-five day deadline. Id. at § 1614.105(a)(2). The V.A. contends that many of the claims contained in Babb's Second Amended Complaint are outside the 45 day period, thus, precluding Babb from now asserting said claims in a federal action. (See Doc. # 20).

These rules are not mere technicalities, but are integral parts of Congress' statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." Brown, 425 U.S. at 833. The Supreme Court has repeatedly upheld dismissal or summary judgment in cases where a plaintiff has failed to pursue an administrative discrimination complaint in a timely manner. Lorance v. AT & T Technologies, Inc., 490 U.S. 900 (1989). Similarly, it has long been settled in this Circuit that a federal employee's unexcused failure to timely initiate an administrative discrimination complaint results in dismissal of the suit for failure to state a claim upon which relief may be granted. Manning v. Carlin, 786 F.2d 1108, 1109 (11th Cir. 1986); Bickham v. Miller, 584 F.2d 736, 737–38 (5th Cir. 1978). The requirement of fully exhausting administrative remedies

9

serves substantial policy considerations. In <u>Sampson v. Civiletti</u>, the Court observed that:

> Exhaustion of administrative remedies serves important policies. The requirement that discrimination complaints first be presented to an agency rather than a court encourages informal, conciliation-oriented resolution of disputes and reduces the burden on federal courts. . . . It is also "particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and possibly, to discover and correct its own errors."

632 F.2d 860, 862–63 (10th Cir. 1980) (citations omitted).

The V.A. argues that Babb's claims are barred for failure to timely exhaust her administrative remedies because Babb relies on discrete acts of alleged discrimination that occurred more than 45 days prior to her initial contact with an EEO Counselor. (<u>See</u> Doc. # 20). Babb counters that the events alleged in the Second Amended Complaint are part of an ongoing discriminatory practice and that she made a good faith effort to meet the requirement. (Doc. # 21). "However, unlike a hostile environment claim, the Supreme Court has dispensed with the 'continuing violation doctrine' as it affects discrete discriminatory acts such as those alleged by Plaintiff." See <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 110 (2002). This time bar applies even where

10

specific acts bear relationship to other acts alleged in a timely filed charge. Id. at 111.

Babb first filed her informal EEO complaint on May 6, 2013. (Doc. # 20 at 6). Pursuant to 29 C.F.R. § 1614.105(a)(1), conduct that occurred 45 days prior to her first seeking EEO counseling, is time-barred and not proper for the Court to consider. In the Second Amended Complaint, Babb references conduct occurring since Fall of 2012. (Doc. # 19). The acts are discrete instances of alleged discrimination of which Babb was aware at the time they occurred. Accordingly, this Court finds that Babb cannot rely upon acts occurring more than 45 days prior to her first contact with an EEO officer. Thus, the allegedly discriminatory actions that occurred more than 45 days prior to Babb's first contact with the EEO counselor on May 6, 2013, are time-barred from consideration.

### B. Failure to State a Claim

According to the V.A., Babb failed to state a claim for discrimination or hostile work environment. (Doc. # 20 at 8). The V.A. contends that Babb has "not alleged any plausible facts that allow the reasonable inference that any of the alleged discriminatory or harassing incidents . . . occurred because of [Babb's] age or gender or because of retaliation,

11

nor has [Babb] alleged sufficient facts to support any plausible hostile work environment claims." (Id.).

Title VII "prohibits employment discrimination on the basis of race, . . . sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment can constitute illegal discrimination when "an employer has treated a particular person less favorably than others because of a protected trait." Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quotation marks and alterations omitted). Although a plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment, the "ordinary rules for assessing the sufficiency of a complaint [still] apply." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide enough factual matter (taken as true) to suggest intentional discrimination.").

"Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact in issue without inference or presumption. Only the most blatant remarks, whose intent could be nothing other than to discriminate on

12

the basis of [a protected characteristic] constitute direct evidence of discrimination." Tippie v. Spacelabs Med., Inc., 180 F. App'x 51, 54 (11th Cir. 2006) (quoting Bass v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla., 256 F.3d 1095, 1105 (11th Cir. 2001)). Likewise, under the Age Discrimination in Employment Act (ADEA), it is unlawful for an employer to terminate or otherwise discriminate against an employee because of the employee's age. 29 U.S.C. § 623(a)(1).

Babb alleges no facts that would constitute direct evidence of age or sex discrimination. Similarly, Babb alleges no facts that would constitute circumstantial evidence of age or sex discrimination. Babb simply alleges in conclusory fashion that the V.A. engaged in "discriminatory behavior" that led to "denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant due to age and sex (female)." (Doc. # 19). Babb also fails to allege any specific facts demonstrating that she has a plausible claim for age or sex discrimination that rises above the speculative level. Therefore, Babb has failed to state a claim for age discrimination under the ADEA and sex discrimination under Title VII, retaliation, or hostile work environment. See Long v. Merial Ltd., No. 3:11-CV-001 CDL, 2011 WL 2531052, at *3

13

(M.D. Ga. June 23, 2011). Thus, for the reasons stated above the V.A.'s Motion is granted. This case is dismissed without prejudice so that Babb may file a Third Amended Complaint on or before **December 15, 2014**, as a final opportunity to state a claim, if possible. Babb should note that this Court finds that she cannot rely upon acts occurring more than 45 days prior to her first contact with an EEO officer. Thus, the allegedly discriminatory actions that occurred more than 45 days prior to Babb's first contact with the EEO counselor on May 6, 2013, are time-barred from consideration as the basis for her discrimination claims.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Robert A. McDonald, Secretary of the Department of Veterans Affairs' Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Doc. # 20) is **GRANTED**.

(2) Plaintiff Noris Babb has until and including **December 19, 2014**, to file a Third Amended Complaint consistent with this Order.

(3) Defendant has until and including **January 8, 2015**, to file its response to the Third Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of December, 2014.

                                                  VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record