```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION
```

NORIS BABB,

      Plaintiff,

v.                               Case No. 8:14-cv-1732-T-33TBM

ROBERT A. MCDONALD, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Robert A. McDonald, Secretary of the Department of Veterans Affairs' (V.A.) Motion to Dismiss Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 28), filed on December 24, 2014. Babb filed her response in opposition on January 12, 2015. (Doc. # 29). For the reasons stated below, the Motion is denied.

**I.   Background**

Babb initiated this action on July 17, 2014. (Doc. # 1). Thereafter, on October 10, 2014, Babb filed an Amended Complaint. (Doc. # 12). On November 12, 2014, Babb filed her Second Amended Complaint. (Doc. # 19). The V.A. filed a Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on November 21, 2014 (Doc. #

20). On December 8, 2014, this Court entered an Order granting the Motion and giving Babb leave to file a Third Amended Complaint. (Doc. # 22). Thereafter, Babb filed a Motion for Reconsideration of this Court's Order dismissing the Second Amended Complaint, which this Court denied on December 14, 2014. (Doc. ## 25, 26). On December 19, 2014, Babb filed her Third Amended Complaint. (Doc. # 27).

Babb alleges that she is a clinical pharmacist employed by the V.A. (Doc. # 27). Babb is a female over the age of forty who is a GS-12/10 Clinical Pharmacist, a position she has held for eight years, at C.W. Bill Young V.A. Healthcare System (Young VAHCS), formerly known as Bay Pines V.A. Health Care System, (Young VAHCS) and has been employed there since 2006. (Id. at 5). Mike Tyler is Babb's first-line supervisor and, at all material times, Dr. Marjorie Howard was Babb's direct supervisor. (Id. at 1). Also relevant to Babb's claims are the following individuals: "Gary Wilson (Wilson) is the Chief of Pharmacy, Dr. Keri Justice (Justice) is Assistant Chief of Pharmacy, and Dr. Camaro West-Lee (West-Lee) is Assistant Chief of Pharmacy." (Id. at 2). Each of the employees of the VA described in the Third Amended Complaint were employed by the V.A. and were acting within the course and scope of his or her employment at the time of the conduct

20). On December 8, 2014, this Court entered an Order granting the Motion and giving Babb leave to file a Third Amended Complaint. (Doc. # 22). Thereafter, Babb filed a Motion for Reconsideration of this Court's Order dismissing the Second Amended Complaint, which this Court denied on December 14, 2014. (Doc. ## 25, 26). On December 19, 2014, Babb filed her Third Amended Complaint. (Doc. # 27).

Babb alleges that she is a clinical pharmacist employed by the V.A. (Doc. # 27). Babb is a female over the age of forty who is a GS-12/10 Clinical Pharmacist, a position she has held for eight years, at C.W. Bill Young V.A. Healthcare System (Young VAHCS), formerly known as Bay Pines V.A. Health Care System, (Young VAHCS) and has been employed there since 2006. (Id. at 5). Mike Tyler is Babb's first-line supervisor and, at all material times, Dr. Marjorie Howard was Babb's direct supervisor. (Id. at 1). Also relevant to Babb's claims are the following individuals: "Gary Wilson (Wilson) is the Chief of Pharmacy, Dr. Keri Justice (Justice) is Assistant Chief of Pharmacy, and Dr. Camaro West-Lee (West-Lee) is Assistant Chief of Pharmacy." (Id. at 2). Each of the employees of the VA described in the Third Amended Complaint were employed by the V.A. and were acting within the course and scope of his or her employment at the time of the conduct

described by Babb. (Id.). Furthermore, Babb alleges in support of her retaliation and hostile work environment claims that she participated in EEOC proceedings of other V.A. employees and believes that injurious employment decisions were made against her because of her participation with the EEOC. (Id. at 4).

Babb alleges the following pertinent allegations in support of her discrimination claim:

> Since Fall of 2012, Howard has denied Babb's repeated requests for training in anticoagulation. This practice has occurred over several months. [Babb] and other Pharmacists were involved in a PACT. After hearing that Young VAHCS was short in the anticoagulant clinic and needed assistance, Babb wanted to help out. However, the positions which were opened required pharmacists to have an advanced scope of practice in this area which required specific training in anticoagulants. Babb had an advanced scope of practice in disease state management but she did not have the training in anticoagulation and asked Howard on several occasions for this training so that she may qualify for this position. These requests were never granted and as a result Babb did not get the necessary training for this job. In fact, younger female pharmacists, who were at least ten years younger than [Babb], were hired for these positions and the anticoagulant training was not required for these pharmacists.
>
> ***
>
> [In] September [of] 2012, Howard told Babb that Babb was not allowed to participate in the construction of a new or revised Service Agreement between Pharmacy and Geriatrics. Howard told Babb that the agreement was just between service chiefs,

3

Wilson as Chief of Pharmacy, and Dr. Leonard Williams, the Chief of Geriatric Care and Extended Care. Babb had been the expert in the geriatric field of Pharmacy. The new Service Agreement resulted in the loss of Babb's Scope of Practice. Furthermore, Babb learned that a younger female, infectious disease pharmacist, Lindsey Childs, and a male pharmacist, William Lavinghousez both of whom were more than ten years younger than [Babb] were allowed to participate in the construction of their Service Agreements. To be excluded from these types of meetings has been recognized by the EEOC as a form of a behavior which affects a term, condition, or privilege of employment.

***

On September 27, 2012, Howard denied Babb's attendance for the Geriatrics and Extended Care PACT training. In early to mid-September 2012, Babb found out that a teleconference for Geriatrics and Extended PACT training would be held for the PACT that she was on. Babb repeatedly requested to be able to attend this training session, but Howard denied those requests and stated that it was late notice and she was unable to arrange coverage or cancel one of Babb's clinics. Babb could have arranged her schedule in her clinic so that she could attend; however, she was not allowed to attend. Another pharmacist Marina Sulik, who is more than 10 years younger than [Babb], was allowed to cancel her clinical session so that she could attend an off campus training conference with her PACT team. All of the other PACT pharmacists were allowed to attend training during this same time period. Babb was impacted as a result of not being allowed to attend this teleconference because the training was required for the PACT. To be excluded from these types of meetings has been recognized by the EEOC as a form of a behavior which affects a term, condition, or privilege of employment. Again this lack of training cost her promotion which would have brought her pay, compensation, benefits or a higher salary.

4

\*\*\*

>On April 23, 2013, Babb became aware by email from Wilson that she was not selected for the position of Clinical Pharmacy Specialist, anticoagulation GS-12, Announcement No. NY-13-CRP-845941. Babb was interviewed for this position by three panel members Rob Stewart, Kim Hall, and Cathy Sidnewski. The selecting official was Keri Justice. Ms. Justice was aware that Babb had been a witness in the prior EEOs filed by Trask and Truitt, and that Babb opposed discrimination. The two pharmacists chosen for these positions were females around thirty (30) years old, Sarah Groff and Amy Mack who were close to over 20 years younger than [Babb]. Both individuals had their doctorates, but did not have the experience that Babb possessed. A score sheet used to rank the applicants favored younger applicants by not including years of experience as a pharmacist. Babb's far superior qualifications were not assessed. Babb was at a significant disadvantage because all along she had been denied the necessary training for anticoagulation in the first place which would have increased the likelihood of her selection. Babb believes that she was denied this training as a result of reprisal for her earlier testimony in the Trask and Truitt cases. As a result, [Babb] was not promoted to the Clinical Pharmacy Specialist, anticoagulation GS-12 which could had brought her a higher salary, pay, compensation and benefits because all anticoagulation Clinical Pharmacists were upgraded to GS-13.

(Doc. # 27 at 5-11). In response to the Third Amended Complaint, the V.A. filed the present Motion pursuant to 12(b)(6). (Doc. # 28).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes

5

them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

According to the V.A., "[Babb's] Third Amended Complaint alleges legal conclusions without the necessary factual support," and thus, the V.A. requests that the Third Amended Complaint be dismissed. (Doc. # 28 at 19). The V.A. contends that Babb has "not alleged any plausible facts that allow the reasonable inference that any of the alleged discriminatory or harassing incidents . . . occurred because of [Babb's] age or gender or because of retaliation, nor has [Babb] alleged sufficient facts to support any plausible hostile work environment claims." (Id. at 8).

#### A. Age and Sex Discrimination

The ADEA makes it unlawful for an employer to terminate an employee "because of [her] age." 29 U.S.C. § 623(a). To sufficiently plead an ADEA claim, Babb must allege facts plausibly establishing that her age was a "but-for" cause of her termination, and it is unnecessary to allege facts directed to every element of a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Pinkney v. Maverick Condo. Ass'n, Inc., No. 6:11-CV-241-ORL-19DA, 2011 WL 2433505, at *2-3 (M.D. Fla.

7

June 14, 2011); See Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2350, (2009) (interpreting the ADEA to require "but-for" causation); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.").

The requisite causal connection between age and termination may be sufficiently pled by factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger employee. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996) (noting that the relevant comparison is to someone who is "substantially younger," not necessarily someone under the age of 40); Ogunbamise v. WellStar Cobb Hosp., 329 F. App'x 902, 902 (11th Cir. 2009) (affirming summary judgment for the employer because the employee failed to show that "he was replaced by a younger individual or treated differently than a similarly situated person").

Title VII "prohibits employment discrimination on the basis of race, . . . sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A Title VII sex discrimination claim "is established when the complaining party demonstrates that

8

race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). "Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, . . . it must provide enough factual matter (taken as true) to suggest intentional [ ] discrimination." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 973 (11th Cir. 2008) (internal citations and quotations omitted). Disparate treatment can constitute illegal discrimination when "an employer has treated a particular person less favorably than others because of a protected trait." Ricci v. DeStefano, 557 U.S. 557, 577 (2009) (quotation marks and alterations omitted). Although a plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim for disparate treatment, the "ordinary rules for assessing the sufficiency of a complaint [still] apply." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).

Babb contends that she was discriminated against based on her age and gender. (Doc. # 27). The V.A.'s alleged failure to provide training for a different position to Babb, by itself, does not permit an inference of age and sex discrimination because an employer may lawfully deny a

9

request or position to an applicant for any non-discriminatory reason. However, the allegations cited above from the Third Amended Complaint state that Babb was denied employment opportunities in lieu of similarly situated, substantially younger employees, and thus, that Babb was denied this opportunity because of her age. Further, presuming all of Babb's factual allegations as true for purpose of this Motion, it is plausibly inferred that Babb's sex was a motivating factor in employment decisions as well. See Ashcroft, 556 U.S. at 663. Accordingly, Babb's age and sex discrimination claim against the V.A. is sufficiently pled for this stage of the proceedings.

The V.A. also argues that "the Retaliation Count does not state a claim because [Babb] does not allege a plausible causal connection." (Doc. # 28 at 10). As stated by the V.A., a prima facie case of retaliation requires that Babb (1) engaged in protected activity, (2) suffered an adverse action, and (3) that a causal link between the protected activity and the adverse action exists. (Id.); Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1328 (11th Cir. 1998).

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, prohibits employers from taking retaliatory actions against employees for bringing or supporting claims of

violations of the Act. The purpose behind this prohibition is to encourage the enforcement of the Act by protecting employees. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 66 (2006). The Act does not protect against all retaliation, but only retaliation that produces injury or harm. Id. at 67. The challenged conduct must be materially adverse in order to constitute actionable retaliation. Id. The Supreme Court stated that Title VII does not set forth a "general civility code for the American workplace." Id. at 68 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). In analyzing the challenged conduct, it stressed the importance of separating "significant from trivial harms." Burlington, 548 U.S. at 68. Further, "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id.

Babb's burden to establish causality is low. Kavanaugh v. Miami-Dade Cnty, 775 F. Supp. 2d 1361, 1368 (S.D. Fla. 2011). Babb need simply show "that the protected activity and the adverse action are not completely unrelated." Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1457 (11th Cir. 1998) (citations omitted); see also, Davis v. Coca-Cola Bottling

11

Co., 516 F.3d 955, 978, n. 52 (11th Cir. 2008); Burgos v. Napolitano, 330 F. App'x 187, 190 (11th Cir. 2009)("[W]e construe this element broadly so that a plaintiff simply has to demonstrate that the protected activity and the adverse action are not completely unrelated."). However, the acts must be material to be considered. See Burlington, 548 U.S. at 67–68 ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm. . . . We speak of material adversity because we believe it is important to separate significant from trivial harms.") Babb has satisfied the low hurdle to move forward with this claim beyond the motion to dismiss phase.

Furthermore, to establish a *prima facie* case of hostile work environment, Babb must prove that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Kavanaugh, 775 F. Supp. 2d at 1372; Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). To prove a hostile work environment claim, an employee must demonstrate that: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3)

12

the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create an abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or direct liability. Id.; See Mendoza v. Borden, Inc., 195 F.3d 1238 (11th Cir.1999).

As the requisite causal connection between age and employment has been sufficiently pled through the factual allegations indicating that a substantially younger individual was treated differently from Babb, dismissal is not proper. Therefore, upon consideration of the Third Amended Complaint, and taking the allegations as true as this Court must at this stage of the proceedings, the alleged conduct underlying the retaliation and hostile work environment claims is sufficient to overcome this stage of the proceedings. Babb has met the plausibility standard required by the case law cited above, which govern this Court. While the Court notes the V.A.'s extensive arguments, which request complete dismissal, those arguments are better suited for summary judgment. Moreover, the Court declines to dismiss Babb's claim for injunctive relief as it relates to all causes

of action alleged in the Third Amended Complaint. Therefore, this Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Robert A. McDonald, Secretary of the Department of Veterans Affairs' Motion to Dismiss Third Amended Complaint and Incorporated Memorandum of Law (Doc. # 28) is **DENIED.**

(2) Defendant has until and including **January 30, 2015**, to file its Answer to the Third Amended Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of January, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record