UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

       Plaintiff,

v.                                         Case No. 8:14-cv-1732-T-33TBM

ROBERT A. MCDONALD, Secretary,
Department of Veterans Affairs,

       Defendant.

_____

## PRIVACY ACT PROTECTIVE ORDER

       Based upon the parties' Joint Motion for Entry of an Order Pursuant to the Privacy Act, 5

U.S.C. § 552a(b)(11), and good cause having been shown for the issuance of a protective order

pursuant to Rule 26(c), Fed. R. Civ. P., IT IS HEREBY ORDERED as follows:

       1.      This employment discrimination action is brought by plaintiffs pursuant to

Title VII, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act, 29

U.S.C. § 626, et seq.  Plaintiff is employed as a Clinical Pharmacist Specialist at C.W. Bill

Young VA Medical Center.  Plaintiff alleges she has been subjected to a hostile work

environment and harassment based upon sex (female), age, and reprisal (EEO activity).

       2.      The parties have thus far identified the following categories of documents and

information that implicate the Privacy Act that may be exchanged subject to resolution of other

objections to their production:

               a.      Documents relating to employees' ages and dates of hire;

               b.      Documents relating to which employees have an advanced scope of

practice;

        c.        Documents relating to pharmacists who have received promotions, upgrades in GS status, and PACT assignments;

        d.        Documents relating to any claims of retaliation, discrimination or harassment alleged to have been committed by Dr. Gary Wilson, Dr. Keri Justice, and/or Dr. Marjorie Howard;

        e.        Documents relating to statistics regarding the productivity of various pharmacists; and

        f.        Documents related to the calculation of holiday pay of individual employees.

        3.        The documents and information sought to be disclosed and used by the parties in response to the categories identified above contain information about current and former federal employees of the VA who are not parties to this action, and are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a.  In part, the Privacy Act protects information maintained by a federal agency in a system of records where such information can be retrieved by a person's name or other identifying information.  See 5 U.S.C. § 552a(a)(5).

        4.        The parties jointly move for the entry of a Court order pursuant to 5 U.S.C. § 552a(b)(11) to allow the defendant to disclose and the parties to use documents and information responsive to the categories described in paragraph 2.

        5.        Pursuant to Rule 26(c), Fed. R. Civ. P., the parties further agree to the entry of a protective order containing the following provisions which shall govern the use of any documents and information disclosed pursuant to this Motion:

        a.        Any document produced pursuant to the protective order shall be marked "Privacy Act Protected" or similarly designated;

2

b.      The parties and their counsel shall not disclose documents or information about other current or former federal employees to any other person except where such disclosure is reasonably necessary to the conduct of this litigation, which includes use at trial or deposition and disclosure to office staff, paralegals, and experts;

c.      The parties shall not attach copies of documents containing information about other federal employees to any pleading filed with the Court, nor refer to the contents of such documents or records in any pleading, unless the records or information derived therefrom are sanitized in the manner described below;

d.      If any of the records are marked as exhibits for purposes of deposition or trial, the exhibits will be sanitized in the manner described below;

e.      The parties agree the documents governed by a protective order shall be sanitized as follows:

i.      Except as otherwise ordered by the Court, any document that may be filed with the Court, attached as an exhibit to a deposition, or used as an exhibit at trial shall be sanitized by removing personal information such as social security numbers, home addresses, home telephone numbers, and the day and month associated with a date of birth (only the year of birth should be displayed).

6.      This Order is not intended to address any objections to discovery that might be made pursuant to the Federal Rules of Civil Procedure, and nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admissibility or relevancy of any evidence.

DONE and ORDERED in Chambers, Tampa, Florida, this 20th day of July, 2015.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to:

All Counsel of Record