**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NORIS BABB**
    **Plaintiff,**

v.                                            Case No.: 8:14-cv-1732-T-33TBM
**ROBERT A. MCDONALD, Secretary,**
**DEPARTMENT OF VETERANS AFFAIRS,**
    **Defendant.**
_____/

## PLAINTIFF'S UNOPPOSED MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER

      Plaintiff, Noris Babb, by and through her undersigned attorney hereby moves this Court to extend the deadlines in this case. In support thereof, Plaintiff states as follows:

      1.    In the Case Management and Scheduling Order, Dkt. 11, the Court set a discovery deadline of September 11, 2015 and a trial term of March 7, 2016. As a result of the circumstances described below, Plaintiff requests an approximately 90 day extension to deadlines in the Case Management and Scheduling Order.

      2.    The Plaintiff needs additional time to allow the Defendant to search, review for relevance, and produce electronic discovery, while also allowing the Plaintiff sufficient time to review what the Defendant produces prior to deposing custodians (if necessary) and supervisors whose files are being searched. Specifically, Plaintiff requested documents from the Defendant on February 23, 2015. Defendant provided written responses to Plaintiffs' Request for Production of Documents on April 13, 2015. On April 14, 2015, Defendant suggested proposed search parameters for electronic search terms responsive to issues covered by Plaintiff's Request for Production. Plaintiff's counsel provided the materials to his client

and they later discussed various issues relating thereto and refined their response. Due to a heavy litigation schedule (see ¶3), coordination of a response between the Plaintiff and her counsel was delayed. On June 22, 2015, an email was sent to counsel for Defendant with Plaintiff's proposed electronic search terms. Subsequently, on June 25, 2015, a response from Defendant was mailed to Plaintiff. On July 6, 2015, Defendant emailed his response of June 25, 2015 as well as a draft motion for Privacy Act Order and Proposed Order. After consultation with Plaintiff, on July 16, 2015, Plaintiff's Counsel sent a letter accepting the privacy order and most of Defendant's search terms but suggesting several changes. The parties filed a Joint Motion for Entry of an Order Pursuant to the Privacy Act, Dkt.37, on July 17, 2015. The Order, Dkt 38, was entered on July 20, 2015 and Defendant can now produce certain important categories of information. On July 20, 2015, Defendant responded to Plaintiff's July 16, 2015 letter. On July 21, Plaintiff accepted the search terms as identified in Defendant's July 20 response.

      3.     Since April 2015, Plaintiff's counsel has had a very busy litigation schedule involving numerous hearings, depositions, and 6 appellate briefs. Plaintiff's counsel was involved in significant trial preparation and was in trial with the Defendant's counsel and other counsel the week of June 8 in front of the Honorable Mary Scriven. Plaintiff's counsel also had prepared for a multi-week trial in April which the defendant in that case continued the Thursday before trial.

      4.     In addition, the parties mediated this case before fees got too great to see if settlement was likely.

5. As a result of the above, and the time Plaintiff has been told that it takes to obtain electronic documents from the VA, process the documents and review the searches, it is anticipated documents will not be ready until November. The Plaintiff requests the following extensions of time:

| | |
|---|---|
| Discovery Deadline | December 11, 2015 |
| Dispositive Motions, *Daubert,* and *Markman* motions | January 11, 2016 |
| Meeting in Person to Prepare Joint Final Pretrial Statement | April 18, 2016 |
| Joint Final Pretrial Statement, (including Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | May 2, 2016 |
| All other Motion including Motions in Limine | February 11, 2016 |
| Trial Term Begins | June 6, 2016 |

6. If the Court does not grant this motion, the Plaintiff would request that the discovery schedule be continued for 30 days until October 11, 2015 along with the dispositive motion date until November 12, 2015. That would allow for all depositions and still allow 30 days between the close of discovery and the dispositive motion deadline. The only issue may be the availability of all documents.

7. Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for the Defendant, and the Defendant does not oppose the relief requested.

WHEREFORE, for all of the above-mentioned reasons and pursuant to Fed. R. Civ. P. 16(b)(4), the Plaintiff requests that the Court enter an order consistent with this Motion.

Respectfully submitted,

/s/   Joseph D. Magri
Joseph D. Magri
Florida Bar No.: 0814490
Merkle Magri & Meythaler, P.A.
5601 Mariner St., Suite 400
Tampa, Florida 33609
Telephone: (813) 281-9000
Facsimile: (813) 281-2223
Email: jmagri@merklemagri.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to the following CM/ECF participants:

A. Lee Bentley, III
United States Attorney
Michael Kenneth
Florida Bar No.: 44341
Assistant United States Attorney
400 North Tampa St., Ste. 3200
Tampa, Florida 33602
Tel: 813/274-6000
Fax: 813/274-6198
Email: michael.kenneth@usdoj.gov
Attorney for Defendant

*/s/JOSEPH D. MAGRI*
Joseph D. Magri

4