UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

        Plaintiff,
v.                              Case No. 8:14-cv-1732-T-33TBM

ROBERT A. MCDONALD, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Noris Babb's Objection to the Magistrate's Order Dated March 28, 2016 (Doc. # 51), which was filed on April 7, 2016. Defendant, the Secretary of the Department of Veterans Affairs, filed a Response in Opposition to the Objection (Doc. # 61) on April 20, 2016. For the reasons that follow, the Court overrules Babb's objection to the Magistrate Judge's discovery Order.

**I.   Factual and Procedural Background**

Babb initiated this age and gender employment discrimination and retaliation action against her employer, the VA, on July 17, 2014. (Doc. # 1). Babb is "a female over the age of forty" who has been employed as a VA pharmacist since 2006. (Doc. # 1 at ¶ 6). Among other detailed contentions, Babb claims that she was "subjected to a hostile

work environment and harassment based upon sex (female), age, and reprisal (EEO activity)" with respect to requests for advanced training and denial of promotions. (Id. at ¶ 8). After holding a case management hearing on October 3, 2014, the Court entered its Case Management and Scheduling Order (Doc. # 11).  That Order set the discovery deadline as September 11, 2015, and specified: "Each party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline." (Doc. # 11 at 3).

Babb filed an Amended Complaint on October 10, 2014, to refine her contentions. (Doc. # 12).  On October 23, 2014, the VA filed a Motion seeking the dismissal of the Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (Doc. # 14).  In response, Babb requested permission to further amend her Complaint, which this Court granted, resulting in the denial of the Motion to Dismiss on mootness grounds. (Doc. ## 17, 18).  Babb filed her Second Amended Complaint on November 12, 2014. (Doc. # 19). Once again, the VA moved to dismiss (Doc. # 20), and after hearing Babb's response, the Court granted the Motion to Dismiss. (Doc. # 22).  The Court specified that it would allow Babb a third and

2

final opportunity to amend her Complaint, and Babb filed a timely Third Amended Complaint on December 19, 2014. (Doc. # 27). Babb asserts retaliation in Count I, gender and age discrimination in Count II, hostile work environment in Count III, and requests injunctive relief in Count IV. The VA filed a Motion to Dismiss the Third Amended Complaint on December 24, 2014. (Doc. # 28). The Court denied that Motion on January 22, 2015. (Doc. # 30).

Thereafter, discovery issues cropped up, necessitating multiple extensions of the case management deadlines. Specifically, Babb filed an Motion requesting a 90-day enlargement of the case management deadlines on August 13, 2015, explaining: "Plaintiff needs additional time to allow the Defendant to search, review for relevance, and produce electronic discovery, while also allowing the Plaintiff sufficient time to review what the Defendant produces prior to deposing custodians (if necessary) and supervisors whose files are being searched." (Doc. # 40 at 1). The Court granted the Motion by entering an Amended Case Management and Scheduling Order. (Doc. ## 41, 42).

Then, on November 5, 2015, the VA, in turn, requested an additional 90-day extension of the case management deadlines. (Doc. # 43). The VA explained that "the parties reached an

3

agreement on searches for electronically-stored information (ESI) in late July . . . . Unfortunately, . . . the Defendant encountered obstacles obtaining the relevant ESI." (Id. at 1-2). The VA further reported that in August of 2015, "the VA sent our office a disc with ESI for the relevant custodians, but, before we even received it, the VA recognized that it was deficient and said they needed to redo the searches." (Id. at 2). The VA further remarked "we should have the ESI by early December" of 2015, and "then we will begin to review the materials, which we can hopefully start in early January" of 2016. (Id. at 2).

The Court granted the VA's extension Motion on November 5, 2015, and warned: "No further extensions of the case management deadlines will be authorized in this case." (Doc. # 44). The Court entered a Second Amended Case Management and Scheduling Order on November 6, 2015, which established the discovery deadline as March 11, 2016, the dispositive motions deadline as April 11, 2016, set a pretrial conference for August 11, 2016, and placed the case on the September 2016, trial term. (Doc. # 45).

The November 6, 2015, Second Amended Case Management and Scheduling Order is the operative Scheduling Order and restates the admonition that "The Court may deny as untimely

4

all motions to compel filed after the discovery deadline." (Id. at 3). The Order also warns that "The deadlines established in this Case Management and Scheduling Order are not advisory but must be complied with absent approval of the Court." (Id. at 4). Finally, the Order explains that "motions for an extension of the discovery period are disfavored" and that deadlines "will not be extended absent a showing of good cause." (Id.).

On March 25, 2016, two weeks after the expiration of the discovery deadline, Babb filed two motions to compel discovery and requested yet another extension of the discovery deadline. (Doc. ## 46, 47). Among other contentions, Babb argued that the VA's Rule 30(b)(6) deponents were not knowledgeable. The Magistrate Judge denied both Motions to Compel on March 28, 2016. (Doc. # 48). Babb now objects to the Magistrate Judge's denial of her Motions to Compel. (Doc. # 51). The VA has responded to Babb's objection. (Doc. # 61).

## II. **Legal Standard**

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). A finding of fact is clearly erroneous only if the

5

reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999). A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. 800 Adept, Inc. v. Murex Sec., Ltd., No. 6:02-cv-1354-Orl-19AB, 2007 U.S. Dist. LEXIS 70861, at *6 (M.D. Fla. Sept. 25, 2007).

### III. Analysis

When the Magistrate Judge denied Babb's untimely Motions to Compel Discovery and her attendant requests for an extension of the discovery deadline, the case management deadlines had already been enlarged multiple times for protracted periods. As an example, the initial Case Management and Scheduling Order established September 11, 2015, as the discovery deadline and contemplated that the case would be tried during the March, 2016, trial term. (Doc. # 11). Due to the various extensions required here, the discovery period was extended for an additional six months, with depositions being taken up to the March 11, 2016, discovery deadline.

The VA correctly remarks that the Magistrate Judge's Order "is neither clearly erroneous nor contrary to law." (Doc. # 61 at 3). Had this Court been the one to decide

6

Babb's discovery motions, the undersigned would have reached an identical ruling. Local Rule 3.05(c)(2)(E) states: "It is the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint." With the Complaint having been filed in this case on July 17, 2014, and a jury trial currently set for the Court's September, 2016, trial term, this case has already exceeded the time parameters of the Local Rules. As such, there was no way that this Court would authorize a further extension of the case management deadlines.

Furthermore, with no less than three Orders repeating the refrain that "The Court may deny as untimely all motions to compel filed after the discovery deadline," (Doc. ## 11, 42, 45), the Magistrate Judge was correct to deny Babb's Motions to Compel, which were filed after the expiration of the discovery deadline. The Court accordingly overrules Babb's objection to the Magistrate Judge's discovery Order, finding that such order was neither clearly erroneous nor contrary to law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Noris Babb's Objection to the Magistrate's Order Dated March 28, 2016 (Doc. # 51) is **OVERRULED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE