UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

      Plaintiff,                       Case No.: 8:14-cv-01732-VMC-TBM

v.

DENNIS MCDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.
_____/

## MOTION FOR RECONSIDERATION IN PART OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for reconsideration of the Court's Order on Summary Judgment (Dkt. 147) to address an inconsistency with a prior ruling in this action.

The Plaintiff's Second Amended Complaint identified almost all of the individual acts described in the Complaint as discrete acts of retaliation. The Defendant moved to dismiss, in part because many of those discrete acts were not raised with an EEO counselor within 45 days. The Court agreed, which was part of the Court's analysis for dismissing the Second Amended Complaint without prejudice. The Plaintiff's Third Amended Complaint specifically identified timely-raised discrete acts of retaliation.

The Court's Order on Summary Judgment treats at least one untimely claim – the removal of Dr. Babb's Advanced Scope – as a discrete act of retaliation. However, the Plaintiff did not identify it as such in the Third Amended Complaint

because the removal of the Advanced Scope took place on February 15, 2013, far longer than 45 days before she contacted an EEO counselor on May 6, 2013. As the Court's recent Order is contrary to its previous Order describing the bounds of its subject-matter jurisdiction, the Defendant moves for reconsideration.

**Procedural History**

On November 12, 2014, the Plaintiff filed its Second Amended Complaint. Dkt. 19. Paragraph 10 of the Second Amended Complaint identifies specific acts that Plaintiff alleges were discriminatory, retaliatory, or contributed to a hostile work environment. As relevant here, Count II of the Second Amended Complaint is for retaliation, and that count appears to identify each of the 16 acts in Paragraph 10, other than one, as discrete acts of retaliation. Dkt. 19, ¶ 25.

Defendant filed a Motion to Dismiss. Dkt. 20. One of Defendant's arguments was that the Court lacked subject-matter jurisdiction for discrete acts that occurred more than 45 days before Plaintiff contacted an EEO counselor, which occurred on May 6, 2013. Dkt. 20 at pp. 6-7. The Court agreed. Dkt. 21 at pp. 7-11. The Court explained Plaintiff filed her informal EEO complaint on May 6, 2013 and that "pursuant to 29 C.F.R. § 1614.105(a)(1), conduct that occurred 45 days prior to her first seeking EEO counseling, is time-barred and not proper for the Court to consider….Accordingly, this Court finds that Babb cannot rely upon acts occurring more than 45 days prior to her first contact with an EEO officer." Dkt. 21 at p. 11.

In a Motion for Reconsideration, the Plaintiff agreed that it could not treat acts that occurred more than 45 days before contacting an EEO counselor as a

discrete act, but only as background evidence of intent. The Plaintiff explained that

"[i]n the present case with regard to discrete acts, the Plaintiff has not sought to

recover on a discrete act which occurred more than 45 days before she filed her

formal complaint." Dkt. 25 at p. 8. After the Motion for Reconsideration was denied

(Dkt. 26), Plaintiff then filed a Third Amended Complaint, which identified the

discrete acts of retaliation in Count I, as well as the discrete acts of discrimination in

Count II. *See* Dkt. 27, ¶ 15 ("the discrete acts [of retaliation] alleged are set forth in

paragraphs 10j, 10l, 10m, 10o, and 10p"); ¶ 23 (for age and gender). Specifically, the

Plaintiff identified five discrete acts of retaliation: 10j (an email from Dr. Wilson

about the GS-13 qualification standards); 10l (the anticoagulation selection); 10m

(the transfer to Module B); 10o (Dr. Martinez being allowed to be a Clinical

Pharmacy Specialist Float); and 10p (holiday pay).[1] All of the identified discrete acts

took place no later than 45 days before Dr. Babb contacted an EEO counselor.

Notably, Dr. Babb lost her Advanced Scope on February 15, 2013, so Plaintiff did

not include Paragraph 10i among the discrete acts of retaliation.

The Court's original ruling on summary judgment treated the removal of the

Advanced Scope as a discrete act of retaliation, although there was no harm to the

Defendant, as the Court concluded that removal could not have been caused by

---

[1] Plaintiff long ago conceded in its Opposition to the original summary judgment
motion that Megan Martinez allegedly receiving an unposted position was not a
discrete act. Dkt. 68 at p. 29 (describing the events in the hostile work environment
claim). The Court has understandably never treated Dr. Wilson's March 27, 2013
email to the Pharmacy Service about GS-13s as a discrete act. *See* Dkt. 83 at pp. 25-
37; Dkt. 147 at p 26.

Plaintiff's EEO activity. Dkt. 83 at pp. 25-29. In the Court's recent ruling, the Court

identifies adverse employment actions in Count I and cites to the applicable

Paragraph of Plaintiff's Third Amended Complaint. Dkt. 147 at p. 26 (citing Dkt. 27

at ¶ 15). However, the Court's Order describes the removal of Dr. Babb's Advanced

Scope as a discrete act, although it was *not* one of the events identified as a discrete

act by the Plaintiff in ¶ 15 of the Third Amended Complaint.

**Argument**

The Court should reconsider its ruling on summary judgment as to the discrete

acts under Count I in order to be consistent with its prior ruling regarding its subject-

matter jurisdiction.

A federal employee is required to pursue and exhaust administrative remedies

as a prerequisite to filing suit under Title VII. *Brown v. General Service Admin.*, 425

U.S. 820, 832-33, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402 (196); *Shiver v. Chertoff,* 549

F.3d 1342, 1344 (11th Cir. 2008). A federal employee "must initiate contact with [an

EEOC] Counselor within 45 days of the date of the matter alleged to be

discriminatory, or…within 45 days of the effective date of the action" to exhaust her

administrative remedies. 29 C.F.R. 1614.105(a)(1). "[D]iscrete discriminatory acts

are not actionable if time barred, even when they are related to acts alleged in timely

filed charges." *Nat'l R.R. Passenger Corp. (Amtrak) v. Morgan,* 536 U.S. 101, 113 (2002);

*accord Gaillard v. Shinseki,* 349 Fed. Appx. 391 (11th Cir. 2009) (affirming grant of

summary judgment in favor of defendant based on plaintiff's failure to make timely

contact with EEO counselor); *Thomas v. Miami Veterans Med. Ctr.,* 290 Fed. Appx.

317, 318–19 (11th Cir. 2008) (affirming grant of summary judgment in favor of defendant on same basis).  As this Court previously explained, "[t]hese rules are not mere technicalities, but are integral parts of Congress' statutory scheme of achieving a 'careful blend of administrative and judicial enforcement powers.'" Dkt. 22 at p. 9 (quoting *Brown*, 425 U.S. at 833).

However, Title VII does not bar an employee from using the prior untimely acts as background evidence in support of a timely claim. *Morgan* at 113.  However, as untimely discrete acts cannot be a basis for liability, these untimely discrete acts are not to be considered in the damage calculation either. *See DeCaire v. Mukasey*, 530 F.3d 1, 18 (1st Cir. 2008).

Accordingly, the Defendant requests that the Court reconsider its Order and find that the discrete acts of retaliation under Count I are those listed in the Plaintiff's Third Amended Complaint, which would not include the removal of the Advanced Scope for which the Court lacks subject-matter jurisdiction. Specifically, the discrete acts under Count I should include the non-selection for the anticoagulation position, the refusal to lateral the Plaintiff to Module B, and the refusal to change her schedule to increase her holiday pay.  Count I should also not include events that the Plaintiff already conceded are not discrete acts of retaliation (Megan Martinez) or that the Court has never considered discrete acts (Dr. Wilson's March 27, 2013 email). These events that are not part of Count I could still be considered as part of Plaintiff's retaliatory hostile work environment claim under Count III or as general evidence of retaliatory event in support of its claims under Count I.

**Local Rule 3.01(g) Certification**

Undersigned has conferred with counsel for Plaintiff, who opposes the relief requested.

**Conclusion**

For the foregoing reasons, the Court should grant Defendant's Motion for Reconsideration in Part.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   /s/ *Michael R. Kenneth*
Michael R. Kenneth
Assistant United States Attorney
Fla. Bar No. 0044341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6198
Email: michael.kennneth@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joseph D. Magri, Esq.
JMagri@merklemagri.com

/s/ *Michael R. Kenneth*
MICHAEL R. KENNETH
Assistant United States Attorney