UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB
    Plaintiff,

v.                                  Case No.: 8:14-cv-1732-VMC-33TBM

DENIS MCDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,
    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION DKT.155**

Plaintiff, Noris Babb, by and through her undersigned attorney, hereby responds to the Defendant's Motion for Reconsideration Dkt. 155.

1.     Paragraph 10 j is specifically identified in the Third Amended Complaint as a discrete act of retaliation. That claim survived a Motion to Dismiss the Third Amended Complaint (Dkt. 30). It states:

> On March 27, 2013, Babb became aware that Wilson was excluding Babb from promotions by implementing new qualification standards. These qualification standards would make it easier for those remaining pharmacists to qualify with advanced scope of practice to be promoted to GS-13. This included the predominately male pharmacists selected to the PACT. This could have benefited Babb had her scope of practice not been taken away. As a result plaintiff knew she could not be promoted to GS-13 which would have brought her a higher salary, pay, compensation and benefits.

2.     The first sentence states that Dr. Babb became aware that Wilson was excluding Babb from promotions by implementing new qualification standards on March 27, 2013. The exclusion of someone from promotion or a decision adversely affecting their pay, would necessarily be an adverse personnel action if done with

1

retaliatory intent because promotions and pay decisions are personnel actions under 5 U.S.C. §2302(a)(2)(A) §§ (ii) and (ix). Any adverse action affecting pay or promotions based on retaliation would be an adverse personnel action. The <u>process</u> by which this action came about was discussed on pp.26 to 33 of the Response to Defendant's Supplemental Motion for Summary Judgment (RMSJ) Dkt. 127. On this issue the culmination of this process is discussed in paragraph 20 on p.32 which specifically addresses paragraph 10j when it discusses March 27, 2013.

    3.    The Defendant, without any authority , criticizes the Order claiming 10j cannot be a discrete act even though it never obtained its dismissal. Therefore, the Defendant also ignores the first sentence of paragraph 10 j and focuses on the denial of the advance scope to claim it was not timely exhausted. The denial of the advance scope is alleged in paragraph 10 i. In paragraph 10 j it is referenced in the fourth sentence because it helps explain why Babb became aware that on March 27, 2013 Wilson was excluding her from promotions by implementing new qualification standards. As discussed in the lead up to paragraph 20 in the RMSJ and to 10j's first sentence, the very unusual removal of Babb's advanced scope (per Stewart) before the March 27, 2013 announcement played a part in the process of the personnel actions (§§ ii, ix) which became effective, at the earliest on March 27, 2013. But it was the March 27, 2013 announcement by Wilson that made Plaintiff realize <u>she</u> was being excluded from promotions.

    4.    The Defendant criticizes the Order in an effort to deny the Plaintiff a discrete act of denial of pay or promotion which is what is alleged in paragraph 10 j.

The March 27, 2013 action occurred within less than 45 days of Babb filing her claim on May 6, 2013. The exhaustion regulation is contained in 29 C.F.R. § 1614.105 which provides:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the commission.

5.  Clearly the effective date of the action on pay or promotion was <u>no earlier</u> than March 27, 2013. *Cf. Shiver v. Chertoff,* 549 F.3d 1342, 1344 (11th Cir. 2008) ("The employee must contact an EEO counselor within 45 days of the <u>effective</u> date of the action.") (Emphasis added). In fact the effective date could be after that date, but it is when Plaintiff recognized she was the victim of Pharmacy's discrimination or retaliation.

6.  Said in the parlance of prior private sector case law, the point of paragraph 10 j is that Babb became aware that Wilson was excluding her from promotions. Under private sector case law that is a discrete act. When an employer prevents an employee from obtaining, competing for or knowing about a position, or

withholds facts to avoid hiring them for an open position or disqualifies them from a position, for retaliatory or discriminatory reasons that is an adverse action. *Cones v. Shalala,* 199 F.3d 512, 521 (D.C. Cir. 2000) (failure to allow an employee to compete); *Coleman v. Duke,* 867 F.3d 204, 214-215 (D.C. Cir. 2017) (failure to advertise a position) *see Wilson v. Brennan,* 213 F. Supp.2d 934, 936 (S.D. Ohio 2016) (making a position unavailable); *Davis v. Fidelity Technologies Corp.,* 38 F. Supp.2d 629, 633-634 (M.D. Tenn. 1998( (refusal to hire or recommend hiring); *McGarry v. Board of County Comm'rs of County of Pitkin,* 175 F.3d 1193, 1201-2 (10th Cir. 1999) (failure to let an employee know of a position's availability or to consider the employee for the position); *Hasan v. U.S. Dept. of Labor,* 545 F.3d 248 (3rd Cir. 2008) (failure to hire someone for a position). The Supreme Court and other circuits have recognized that when someone is made to realize there is no hope of getting a job the failure to apply can still constitute a claim because applying is a futile gesture. *Teamsters v. United States,* 431 U.S. 324, 363-66 (1977); *Shakelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 406 (5th Cir. 1999).The defendant has always known that paragraph 10 j was alleged as a discrete act of retaliation. He is also aware of the cited cases because these cases were used to allow such a claim in another case in which he was the attorney.

      7.     Contrary to the Defendant's implication the Court's Order discusses in considerable detail the factual evidence that connects knowledge of EEO activity and the various discrete acts and other events in the hostile work environment (HWE). The Order identifies facts from which the Plaintiff claims her career was derailed, she lost

a job she was dedicated to, experienced losses of pay and promotions, subjected to a retaliatory investigation and other actions. While several adverse employment actions have been identified, and are part of the HWE, they led to discrete acts which denied appointments, promotions, 5 U.S.C. §2302(a)(2)(A)§§(i, ii) and decreased pay §(ix).[1]

8. It is respectfully submitted that the Court's order caught the facts creating jury issues in several parts of its order, including the effect on pay. For one example, on page 46 of its order the Court states:

> As this Court previously explained, Dr. Babb has described adverse employment actions directly impacting the terms of her employment-specifically, her pay (including holiday pay).

9. The Defendant's Motion for Reconsideration ignores that this is a post-*Babb* motion and in fn 1 on page 3 implies the Court rejected 10 j when the order does not say that. Defendant's motion to dismiss the retaliation claim which included 10 j was denied. (Dkt.30) Neither Dkt.83 nor Dkt.47 found 10 j was not addressing personnel actions under 2302(a)(2)(A)(ii)(ix). As to retaliatory nexus, the Court extensively addressed nexus and found that a jury can find that nexus in relation to pay matters.

The Motion for Reconsideration should be denied.

Respectfully submitted,

*/s/ Joseph D. Magri*
Joseph D. Magri

---

[1] They also involved a denial of training "which may have been reasonably expected to lead to an" action described in the subparagraph (ix) and affected their §(xii) rights. That can also be an adverse personnel action under 5 U.S.C. §2302(a)(2)(A)(ix) if timely filed as well as an event in a hostile work environment.

Merkle & Magri, P.A.<br>
Florida Bar No. 0814490<br>
5601 Mariner Street, Suite 400<br>
Tampa, FL 33609<br>
Telephone: 813-281-9000<br>
Facsimile: 813-281-2223<br>
Email: jmagri@merklemagri.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Roger B. Handberg
United States Attorney
Michael Kenneth
Florida Bar No.: 44341
Assistant United States Attorney
400 North Tampa St., Ste. 3200
Tampa, Florida 33602
Tel: 813/274-6000
Fax: 813/274-6198
Email: michael.kenneth@usdoj.gov
Attorney for Defendant

<i><b>/s/ Joseph D. Magri</b></i><br>
Joseph D. Magri