UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,
    Plaintiff,                               Case No.: 8:14-cv-01732-VMC-TBM

v.

DENNIS MCDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,
    Defendant.
_____/

COMES NOW, PLAINTIFF, Noris Babb, by and through her undersigned attorney, hereby files this Motion to un-redact portions of AIB transcripts which are to be read at trial and states as follows:

1. As discussed in our response to supplemental motion for summary judgement (RMSJ) as well as our earlier RMSJ to the original MSJ, the defendant provided us with a copy of the AIB testimony of Keri Justice with some redactions. Particularly in Keri Justice's transcript, the transcripts were originally redacted to leave only Dr. Babb's name. We knew from having represented Dr.'s Donna Trask and Anita Truitt that their names were listed in Justice's answer along with Babb's. We noted that in both RMSJ's. For some time, we have discussed this issue with Mr. Kenneth. We sought to have a transcript that did not have redactions in at least that portion of Justice's testimony and also a redaction of the question that led to her identifying Babb, Trask and Truitt. We have also requested the portion of the transcript

1

that shows Justice was sworn so that we can establish that the testimony was given under oath.

2. Mr. Kenneth has subsequently sent us a version which includes the names Trask, Truitt and Babb, but has another redaction that he has kept in. Mr. Kenneth believes what is in there is not relevant or somehow invades the privacy. However, we have a protective order and as discussed below, that kind of relevance decision should not be being made in redactions of documents. It may be different if we are talking National Security or some HIPPA information, etc. especially if there was no protective order. However, relevance does not seem to be an appropriate basis for a redaction.

3. In discussing these issues with Mr. Kenneth, we pointed out that it would be unfair if the redacted name or material were disclosed at trial to rebut the argument we have been making all along about the names showing targeting. He stated they would not be doing that. However, we discussed these issues again on Monday August 29, 2022 and Mr. Kenneth stated he would provide us with the question Justice was asked but only provide unredacted Trask, Truitt and Babb. I asked how I should handle the redaction in the transcript when reading it. At first he said say "redaction" I pointed out that conflicts with his prior statement. He subsequently sent an email saying we could just not read redaction. Mr. Kenneth has also said he will provide an unredacted question and include the fact that the testimony was sworn. While this likely will resolve matters, we have not received the transcript and out of an abundance of caution we are filing this motion.

## MEMORANDUM OF LAW

The practice of redacting material on irrelevance grounds is not explicitly supported by the Federal Rules. Rule 26(b)(5) only addresses the withholding of information otherwise discoverable based upon a claim that the information is privileged or protected trial-preparation material. The middle district of Florida doesn't appear to have any published opinions on the subject, but I was able to find a few courts who have addressed the issue.

Burris v. Versa Products, Inc., 2013 WL 608742, *3 (D. Minn. Feb. 19, 2013):

> Parties making such redactions unilaterally decide that information within a discoverable document need not be disclosed to their opponents, thereby depriving their opponents of the opportunity to see information in its full context and fueling mistrust about the redactions' propriety. And if the Court were to allow such a practice it would improperly incentivize parties to hide as much as they dare. That is a result at odds with the liberal discovery policies, the adversary process, and the Court's obligation to read the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. None of this is intended to imply that [redacting party] or its counsel attempted to hide the ball here. But because these types of redactions find no support in the Rules and are fraught with the potential for abuse, the Court will not permit them unless the circumstances provide an exceedingly justification to do so.

In IDC Fin. Publishing, Inc. v. Bonddesk Group, LLC, 2017 WL 4863202 (E.D. Wis. Oct. 26, 2017), the court said the defendants made no effort to explain why a protective order did not adequately protect the defendants. Ultimately, the court found no compelling reason to alter the traditionally broad discovery permitted under the federal rules by letting the defendants unilaterally redact large portions of responsive documents on relevance grounds.

On the other hand, in re: Takata Airbag Prods. Liab. Litig., 2016 WL 1460143 (S.D. Fla. Feb. 24, 2016), the court allowed redactions because of the concern that the documents contained competitively sensitive materials that may have been exposed to the public, despite protective orders. The court pointed to the recently amended Rule 26 and Chief Justice Roberts's comments and found that "a party is not entitled to receive every piece of relevant information. It is only logical, then, that a party is similarly not entitled to receive every piece of irrelevant information in responsive documents if the producing party has a persuasive reason for why such information should be withheld." The Court found that the defendants provided such a persuasive reason — "that disclosing such information could provide its competitors with competitively sensitive information to the ultimate detriment of each Defendant."

WHEREFORE, Plaintiff respectfully request that if the parties do not resolve these issues the court either un-redact the transcripts as requested or at least review them to determine whether or not the redactions are appropriate. For the court's reference we are attaching a copy of the key transcript portions of Keri Justice's testimony.

### CERTIFICATE PURSUANT TO LOCAL RULE 3.01(g)

Plaintiff's counsel has contacted opposing counsel and we may have reached an agreement on this motion, but we have not received the final transcript. Until the Plaintiff receives and has a chance to review that we do not want to be viewed as waving this motion. My understanding is we received the transcript late yesterday and my office has not had a chance to compare the transcripts.

Respectfully submitted,

**/s/   Joseph D. Magri**
Joseph D. Magri
Florida Bar No.: 0814490
Merkle & Magri, P.A.
5601 Mariner St., Suite 400
Tampa, FL 33609
Tel: (813)281-9000
Fax.: (813) 281-2223
Email: jmagri@merklemagri.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 1, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to the following CM/ECF participants:

Karin Hoppmann
Acting United States Attorney
Michael Kenneth
Assistant United States Attorney
Email: michael.kenneth@usdoj.gov
Attorney for Defendant                     **/s/Joseph D. Magri**
                                            Joseph D. Magri

5