UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

    Plaintiff,

v.                              Case No. 8:14-cv-1732-VMC-TBM

DENIS McDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Secretary of Veterans Affairs' Motion for Reconsideration in Part, filed on August 29, 2022. (Doc. # 155). Plaintiff Noris Babb responded on September 1, 2022. (Doc. # 158). For the reasons that follow, the Motion is granted in part and denied in part.

## I.  **Legal Standard**

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-VMC-TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the

judgment." Id. "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." Id.

Here, the Motion was filed within 28 days of the entry of judgment, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

**A.   Removal of Dr. Babb's Advanced Scope**

The VA argues that the Court erred in its summary judgment order by treating the removal of Dr. Babb's Advanced Scope as a discrete act because it was not alleged as such in the operative complaint and is time-barred.

2

The VA is correct. In its January 12, 2015, order dismissing the Second Amended Complaint, the Court found that "the allegedly discriminatory actions that occurred more than 45 days prior to Babb's first contact with the EEO counselor on May 6, 2013, are time-barred from consideration." (Doc. # 22 at 11); see 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."). The February 15, 2013, removal of Dr. Babb's Advanced Scope is thus time-barred from consideration as a discrete act. Accordingly, in her Third Amended Complaint — which is the operative complaint — Dr. Babb did not allege the removal of her Advanced Scope as a discrete act. (Doc. # 27 at ¶ 15).

However, the Court's characterization of the removal of Dr. Babb's Advanced Scope as a discrete act is largely due to the VA's description of Dr. Babb's discrete acts in its supplemental memorandum in support of its motion for summary judgment. There, the VA specifically noted "[t]he first of Plaintiff's retaliation claims was related to the removal of the Advanced Scope of Practice." (Doc. # 124 at 12).

Regardless, the removal of Dr. Babb's Advanced Scope is not a discrete act that is, by itself, actionable. However, as the VA points out, an employee may use "[time-barred] prior acts as background evidence in support of a timely claim." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). In a case like the one at bar, where the employer's intent is at issue, Dr. Justice's removal of Dr. Babb's Advanced Scope within days of becoming aware of Dr. Babb's protected activity may serve as circumstantial evidence of Dr. Justice's retaliatory animus.

**B.   Dr. Megan Martinez's GS-13 Role**

The VA argues that Dr. Megan Martinez's transfer to a GS-13 position is not a discrete act because Dr. Babb previously conceded as such in a response to the VA's motion for summary judgment on May 18, 2016. (Doc. # 68). The Court does not find this argument persuasive.

The Court declines to grant a Rule 59(e) motion based on an argument "that was previously available, but not pressed." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998). Dr. Babb alleged that the transfer of Dr. Megan Martinez, a younger woman, to a GS-13 position, was a discrete act for the purposes of her retaliation claim in the Third Amended Complaint. (Doc. # 27 at ¶ 15). Thereafter, in response to

4

the VA's original motion for summary judgment, Dr. Babb noted that the transfer of Dr. Martinez was "not a discrete act." (Doc. # 83 at 21; Doc. # 68 at 29).

However, in its supplemental memorandum, the VA failed to argue that Dr. Babb had previously conceded Dr. Martinez's transfer was not a discrete act. (Doc. # 124). Indeed, the VA recognized that the Court's previous summary judgment order analyzed the treatment of Dr. Martinez vis-à-vis Dr. Babb in the context of Dr. Babb's retaliation claim. (Id. at 13).

Because "[a] party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions," the VA's Motion for Reconsideration with respect to Dr. Martinez's transfer to GS-13 is denied. Johnson v. Bd. Of Regents of Univ. of Ga., 263 F.3d 1234, 1264 (11th Cir. 2001).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant the Secretary of Veterans Affairs' Motion for Reconsideration in Part (Doc. # 155) is **GRANTED** with respect to the Court's consideration of the removal of Dr. Babb's Advanced Scope.

(2)   The Motion is **DENIED** with respect to the Court's consideration of Dr. Martinez's transfer to a GS-13 position.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of November, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE