UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORIS BABB,

      Plaintiff,                           Case No.: 8:14-cv-01732-VMC-TBM

v.

DENIS MCDONOUGH, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.
_____/

**DEFENDANT'S PROPOSED JUDICIAL NOTICE RE *TRASK***

Plaintiff explained in its Trial Brief that testimony about Drs. Trask and Truitt's allegations not only demonstrates Plaintiff's good faith belief at the time of her EEO activity, but will also be used to "establish the identity of the persons who manipulated the outcome of the service agreement to leave out DSM; and further show *how Pharmacy management disrespected, discriminated and retaliated against older females*." Dkt. 182 p. 13 (emphasis added). In other words, Plaintiff intends to use testimony to show a pattern of or propensity toward discrimination, retaliation, and harassment. The factual conclusions of the District Court and the Eleventh Circuit in Trask undermine the purposes for which Plaintiff has thus far used Plaintiff's testimony. Therefore, the Defendant requests that the Court take Judicial Notice and read the following summary of the Trask litigation, as well the relevant *factual* conclusions:

1

Drs. Donna Trask and Anita Truitt filed a case in federal court alleging age discrimination, gender discrimination, retaliation, and a hostile work environment based on age, gender, and retaliation. Plaintiff Noris Babb testified earlier at trial about some of the allegations made by Drs. Trask and Truitt. The parties to the Trask litigation had an opportunity to explore the allegations during the course of the litigation, including through written questions, document requests, and depositions. At the conclusion of that process, which we call discovery, the Federal District Court Judge granted summary judgment for the VA based on the law at the time. Summary Judgment means there is no genuine dispute as to any material fact and the Defendant is entitled to judgment as a matter of law. As part of its decision, the Judge reached certain factual conclusions:

1. "Pharmacists obtained an advanced scope only if their positions and job duties required it." Dkt. 101 at p. 3.[1]
2. In or about September 2010, Dr. Steele was "chosen to participate in the pilot" "because Dr. Steele already worked with the physicians who were involved in the Lakeside pilot." Id. at p. 4.[2]
3. On February 9, 2011, Human Resources gave its approval to management's plan to leave the five non-disease state management pharmacists (including

---

[1] Plaintiff previously testified that Drs. Trask and Truitt should have received Advanced Scopes of Practice.
[2] Plaintiff previously testified about why it was unfair that Dr. Steele had the opportunity to participate in the pilot.

Plaintiffs" in the modules and advertise for three disease state management pharmacists." Later that month, Drs. Wilson and Justice attended a meeting with VISN 8 Pharmacy Executive Roy Coakley, who "had recently attended a meeting of V.A. Pharmacy Chiefs at which the model for PACT pharmacists was agreed upon." "After receiving Coakley's recommendation, pharmacy management announced a new PACT implementation plan for Bay Pines." Id. at p. 5.[3]

4. Fifty-four year-old Dr. Linda Rolston was chosen for the PACT positions. Id. at p. 12. [4]

5. Plaintiffs "allege without evidence that nearly every action management took during the PACT implementation and selection process was taken intentionally for the purpose of not selecting older female pharmacists."[5] Id. at p. 13-14.

Drs. Trask and Truitt filed an appeal. A three-judge panel of the Eleventh Circuit affirmed the District Court's decision as to all claims based on the law at the time. Drs. Trask and Truitt sought review of the decision by the Supreme Court, which declined to hear the case. As a result of a later judicial decision in the Babb case, the

---

[3] Plaintiff previously described the change in implementation plans.
[4] Plaintiff previously testified that the majority of the selectees were younger males.
[5] Plaintiff previously testified that pharmacy management attempted to prevent older female pharmacists from obtaining PACT positions.

3

legal standards applied to some of Drs. Trask and Truitt's allegations by the appellate court are no longer valid.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   /s/ *Michael R. Kenneth*
Michael R. Kenneth
Assistant United States Attorney
Fla. Bar No. 0044341
Mamie V. Wise
Assistant United States Attorney
Fla. Bar 65570
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6198
Email:  michael.kenneth@usdoj.gov
         mamie.wise@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joseph D. Magri, Esq.
JMagri@merklemagri.com

*/s/ Michael R. Kenneth*
Assistant United States Attorney